**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **NANCY ALANIS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | **CIVIL ACTION NO.** |
| § | |
| **WELLS FARGO BANK NATIONAL** § | |
| **ASSOCIATION, as Trustee for the** § | |
| **Pooling and Servicing Agreement dated as** § | |
| **of October 1, 2006 Securitized Asset** § | |
| **Backed Receivables LLC Trust 2006-NC3** § | |
| **Mortgage Pass Through Certificates,** § | |
| **Series 2006 NC3 and MARK DOUGLAS** § | |
| **CRONENWETT,** § | |
| § | |
| **Defendants.** § | |
| § | |

## DEFENDANT WELLS FARGO'S NOTICE OF REMOVAL

Defendant Wells Fargo Bank National Association, as Trustee for the Pooling and Servicing Agreement dated as of October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass Through Certificates, Series 2006 NC3 ("***Wells Fargo*" or "*Defendant***") hereby gives notice of the removal of the state court civil action described below on the basis of 28 U.S.C. § 1332 (diversity jurisdiction).  As grounds for the removal, Defendant respectfully states the following:

### I.   INTRODUCTION

1.      On October 1, 2021, Plaintiff Nancy Alanis ("***Plaintiff***") filed *Plaintiff's Verified Original Petition for Declaratory Judgment (Trespass to try Title, Vacate Void Judgment, Set Aside Sheriff's Sale) and Application for Ex Parte Temporary Restraining Order and Temporary*

*Injunction* ("**Petition**") numbered and styled as Cause No. 2021Cl20923, *Nancy Alanis v. Wells Fargo Bank National Association, as Trustee for the Pooling and Servicing Agreement dated as of October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass Through Certificates, Series 2006 NC3 and Mark Douglas Cronenwett*, in the 150th Judicial District Court, Bexar County, Texas.

2.     In her latest suit, Plaintiff challenges Wells Fargo's standing to foreclose and asserts claims for quiet title, trespass to try title, tortious interference with a contract, adverse possession, fraud, violation of Tex. Civ. Prac. & Rem. Code § 134.002-134.003, and seeks exemplary damages and declaratory relief to set aside the foreclosure sale, the March 3, 2016 order for foreclosure, and the March 26, 2019 judgment for possession.  *See* Pet.

3.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Wells Fargo are attached hereto and marked as composite **<u>Exhibit A</u>** and incorporated herein by reference.  Additional pleadings filed by Plaintiff in the state court action and not yet received by Wells Fargo, as identified in the Index to Exhibit A, will be supplemented upon receipt of the same from the Bexar County District Clerk.

## II.  <u>TIMELINESS OF NOTICE OF REMOVAL</u>

4.     This removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Plaintiff's Petition was filed on October 1, 2021, and removal is within 30 days of filing regardless of service on any party.

5.     As explained more fully below, defendant Mark Douglas Cronenwett ("**Cronenwett**") is improperly joined, and therefore, his consent is not necessary for removal. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007).

### III.  BASIS FOR REMOVAL- DIVERSITY JURISDICTION

6.      This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.      Complete Diversity Exists between Plaintiff and Properly Joined Defendant Wells Fargo.**

7.      Upon information and belief, Plaintiff is a citizen and resident of Bexar County, Texas.[1]

8.      Wells Fargo is a national banking association and trustee of a mortgage-securitization trust. When a trustee is the real party in interest to the suit, its citizenship controls for purposes of diversity jurisdiction.[2] A trustee that possesses the "customary powers to hold, manage, and dispose of assets" is the real party in interest.[3] That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name, the trustee's citizenship is "all that matters for diversity purposes."[4] A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association.[5] With its main office in South Dakota as designated in its articles of association, Defendant is a citizen of South Dakota.

**B.      Cronenwett Is Improperly Joined.**

9.      Upon information and belief, Cronenwett is a citizen of Texas, but his citizenship should be disregarded for the diversity analysis because he is improperly joined and only a nominal party.

---

[1] Pl.'s Pet. ¶ 26.

[2] *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980).

[3] *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 356–57 (5th Cir. 2017) (quoting *Navarro* at 464).

[4] *Id.* at 358–59 (quoting *Americold Realty Trust v. ConAgra Foods Inc.*, 577 U.S. ___, 136 S.Ct. 1012, 1016 (2016)).

[5] *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348).

10.     While complete diversity is required for diversity jurisdiction, diversity cannot be destroyed by a plaintiff improperly joining a non-diverse defendant. *See, e.g., Cuevas v. BAC Home Loans Servicing, L.P.*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). A finding of fraudulent or improper joinder is appropriate when "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Smallwood,* 385 F.3d at 573. A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id.*, at 837 n. 9.

11.     In deciding whether a defendant has been improperly joined, the Court should look to the allegations in the plaintiff's pleading at the time of removal and conduct a Rule 12(b)(6)-type analysis to determine whether the plaintiff states a claim against the non-diverse defendant.[6] *Id.*

12.     In this case, Plaintiff's entire case against Cronenwett is based on his representation of Ocwen Loan Servicing, LLC and Wells Fargo in previous lawsuits brought by Plaintiff.  For example, Plaintiff alleges that Cronenwett "schemed" with Wells Fargo to obtain the March 3, 2016 foreclosure order.  Pet. ¶ 3.  Plaintiff further alleges that Cronenwett "forged Alanis mortgage records and fabricated declarations and affidavits to aid Wells Fargo" in obtaining the March 3, 2016 foreclosure order and that Cronenwett "continued the scheme to use the March 3, 2016 Order for Foreclosure to obtain eviction and writ of possession orders to steal

---

[6] Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim for which relief can be granted." FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

the Alanis Property."  Pet. ¶ 14, 60-41.   For this reason, Cronenwett is immune from this suit, and Plaintiff's claims against Cronenwett fail as a matter of law and Cronenwett's citizenship cannot destroy diversity.

13.     Furthermore, Texas law discourages lawsuits against an opposing counsel if the lawsuit is based on the fact that counsel represented an opposing party in a judicial proceeding. *Bradt v. Sebek*, 14 S.W.3d 756, 766 (Tex.App.—Houston [1st Dist.] 2001, pet. denied).   In fulfilling this duty, an attorney has the right to interpose defenses and pursue legal rights that he deems necessary and proper, without being subject to liability or damages. *Id.*   In this respect, attorneys enjoy "qualified immunity" with respect to non-clients, for actions taken in connection with representing a client in litigation.   *See, e.g., Butler v. Lilly,* 533 S.W.2d 130, 131-34 (Tex.Civ. App.—Houston [1st Dist.] 1976, writ, dism'd).   This qualified immunity generally applies even if conduct is improper in the context of the underlying lawsuit. *Renfroe v. Jones & Assocs.,* 947 S.W.2d 285, 288 (Tex.App.—Fort Worth 1997, writ denied)("Under Texas law, attorneys cannot be held liable for wrongful litigation conduct."). An attorney's conduct, even if frivolous or without merit, while potentially sanctionable by the court, is not independently actionable if the conduct is party of the discharge of the lawyer's duties in representing his client. *Chapman Children's Trust v. Porter & Hedges, L.L.P.,* 32 S.W.3d 429, 441 (Tex.App.— Houston [14th Dist.] 2000, pet. denied); *Bradt v. West,* 892 S.W.2d 56, 71-74 (Tex.App.— Houston [1st Dist.] 1994, writ denied.

14.     Here, Cronenwett is immune from suit because he cannot be sued by Plaintiff for actions taken within the scope of his representation of Ocwen and Wells Fargo in previous lawsuits she has brought.  Accordingly, Cronenwett is improperly joined and Plaintiff's naming of him as a "defendant" does not defeat this Court's diversity jurisdiction.

15.    Accordingly, there is complete diversity between Plaintiff and the properly joined defendant, i.e. Wells Fargo.   Because the citizenship of Cronenwett must be disregarded for jurisdictional purposes, complete diversity of citizenship exists, and removal is appropriate under 28 U.S. C. §§ 1332 and 1441.

**C.    The Amount in Controversy Exceeds $75,000.00.**

16.    In the Petition, Plaintiff expressly seeks damages of no less than $5.5 million dollars.  Pet. ¶¶ 175-182.   Thus, Plaintiff concedes that the amount of controversy exceeds the jurisdictional minimum required for diversity jurisdiction.

17.    Plaintiff also seeks declaratory relief from the Court to set aside the foreclosure sale, the March 3, 2016 order for foreclosure, and the March 26, 2019 judgment for possession. Pet. ¶¶ 148-157.  Where a plaintiff seeks equitable relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 640-41 (5th Cir. 2003) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) ("In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation.").  Furthermore, "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortgage LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1051 (W.D. Tex. 2010); *Lemessa v. Wells Fargo Bank, N.A.*, No. G-10-0478, 2010 WL 5125956 (S.D. Tex., Dec. 9, 2010).

18.     Here, the object of the litigation is the Property, which Plaintiff concedes.  *See*
Pet.  In this instance, the assessed value of the Property for 2021 is $322,300.00.[7]  Thus, the
value of the object of the litigation exceeds $75,000.00 under any measurement and the amount
in controversy exceeds the federal jurisdictional minimum.  *See* 28 U.S.C. § 1332(a).

## IV. <u>ADDITIONAL REQUIREMENTS</u>

19.     This action is properly removed to this Court, as cases arising from Bexar County,
Texas are properly assigned to this Court.  28 U.S.C. § 124(c)(3).

20.     In accordance with 28 U.S.C. §1441(d), Wells Fargo will promptly file a copy of
this Notice of Removal with the Clerk of the 155th Judicial District Court for Bexar county,
Texas.

17.     Plaintiff did not make a jury demand in the Petition.

**WHEREFORE**, having satisfied the requirements for removal, Wells Fargo gives notice
that Cause No. 2021Cl20923, originally filed in the 155th Judicial District Court, Bexar County,
Texas, has been removed to this Court.

---

[7] *See* Bexar County Appraisal District Summary attached as **<u>Exhibit B</u>**. It is appropriate for the court to take judicial
notice of the Bexar County Tax Appraisal because it is of public record and the information it provides is readily
ascertainable and the source—the Bexar County Tax Appraisal District—cannot reasonably be questioned. *See Funk
v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

Respectfully submitted,

**By:** _/s/ Kathryn B. Davis_

**R. Dwayne Danner**
State Bar No. 00792443
ddanner@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Phone: 214-445-2445
Facsimile: 214-445-2450

**Kathryn B. Davis**
State Bar No. 24050364
kdavis@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025

**ATTORNEY FOR DEFENDANT
WELLS FARGO BANK NATIONAL
ASSOCIATION, as Trustee**

## CERTIFICATE AND NOTICE OF FILING

I certify that on October 6, 2021, the foregoing Notice of Removal was filed with the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served upon Plaintiff.

_/s/ Kathryn B. Davis_
**KATHRYN B. DAVIS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a correct copy of the foregoing was filed with the U.S. District Clerk's office by operation of the Court's CM/EFC, and has been forwarded in accordance with the Federal Rules of Civil Procedure on October 6, 2021.

***<u>Via Email to</u>***:  nalanis12@yahoo.com
Nancy Alanis
13210 Hunters View
San Antonio, TX 78230

*/s/ Kathryn Davis*
**KATHRYN DAVIS**