IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NANCY ALANIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. SA-21-CA-952-FB |
| ) | |
| WELLS FARGO BANK NATIONAL ) | |
| ASSOCIATION, as Trustee for the ) | |
| Pooling and Servicing Agreement dated ) | |
| as of October 1, 2006 Securitized Asset ) | |
| Backed Receivables LLC Trust 2006-NC3 ) | |
| Mortgage Pass Through Certificates, ) | |
| Series 2006 NC3; and MARK DOUGLAS ) | |
| CRONENWETT, ) | |
| ) | |
| Defendants. ) | |

**ORDER OF REMAND FOR LACK OF JURISDICTION**

Before the Court is the status of the above styled and cause. After careful consideration, the Court is of the opinion that this case should be remanded *sua sponte* to the state court from which it was removed for lack of subject matter jurisdiction.

Background

Plaintiff filed this suit in Texas state court against defendants based on defendant Cronenwett's representation of Ocwen Loan Servicing, LLC and Wells Fargo in previous lawsuits brought by plaintiff. Plaintiff alleges that defendant Cronenwett "schemed" with Wells Fargo Bank National Association ("Wells Fargo") to obtain a March 3, 2016, foreclosure order in state court. Petition, ¶ 3. Plaintiff further alleges that defendant Cronenwett "forged Alanis [plaintiff's] mortgage records and fabricated declarations and affidavits to aid Wells Fargo" in obtaining the March 3, 2016, foreclosure order and that defendant Cronenwett "continued the scheme to use the March 3, 2016[,]Order for

Foreclosure to obtain eviction and writ of possession orders to steal the Alanis Property." Petition, ¶ 14, 60-41.

Plaintiff and defendant Cronenwett are residents of Texas. Wells Fargo is a citizen of South Dakota. Wells Fargo removed this action to federal court alleging that diversity jurisdiction over this dispute exists because defendant Cronenwett was improperly joined. Specifically, Wells Fargo argues the attorney immunity doctrine bars plaintiff's suit against the resident defendant.

Standard of Review

This Court has a duty, *sua sponte*, to determine at the outset whether it has jurisdiction. *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). Because plaintiff and defendant Cronenwett are non-diverse, removal jurisdiction is proper only if defendant Cronenwett was improperly joined. The federal removal statute, 28 U.S.C. § 1441(a), authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction;" but subsection (b) specifies that suits not arising under federal law are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting 28 U.S.C. § 1441(b)). Removal statutes, moreover, are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). And the "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573; *see also McDonal v. Abbott Labs*, 408 F.3d 177, 183–84 (5th Cir. 2005).

An improper joinder occurs if a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 572 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The test is whether there is "no possibility of recovery by the plaintiff against

an in-state defendant," or put a different way, whether there is "no reasonable basis for [predicting recovery] against an in-state defendant." *Id.* at 573. To resolve this inquiry, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* at 573 (footnote omitted). "To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *International Energy Ventures Mgmt.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014)).

Discussion

Wells Fargo cites Texas case law in support of the proposition that the attorney immunity doctrine is applicable in this case. As Wells Fargo suggests, there is a line of cases holding that an attorney cannot be liable for conduct relating to ongoing litigation. *See e.g., Brandt v. Sebek*, 14 S.W.3d 756, 766 (Tex. App.–Houston [1st Dist.] 2001, pet denied); *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 288 (Tex. App.—Fort Worth 1997, writ denied); *Bradt v. West*, 892 S.W.2d 56, 71-74 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Butler v. Lilly*, 533 S.W.2d 130, 131-34 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ, dism'd). However, rather than preparing filings or pleadings or taking some similar action in the underlying case, the resident defendant allegedly conspired with Wells Fargo to forge documents and falsify records when appearing before state court judges in the foreclosure case.

There is a second line of cases holding that an attorney can be liable for conduct associated with litigation if it is wrongful and outside the work that call for an attorney's skills, education, judgment,

and zealous representation.  *See e.g., Poole v. The H. & T.C. R.R.*, 58 Tex. 134, 137 (1882); *Mendoza v. Fleming,* 41 S.W.3d 781, 788 (Tex. App.—Corpus Christi 2001, no pet.); *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468 (Tex. App.—Houston [1st Dist.] 1985, no pet.); *Bourland v. State of Texas*, 528 S.W.2d 350, 353–54 (Tex. Civ. App.—Austin 1975, writ ref'd); *see also Miller v. Stonehenge/Fasa-Texas, JDC, L.P.*, 993 F. Supp. 461, 465 (N.D. Tex. 1998).  In a case similar to the instant matter, a federal district court, despite expressing skepticism as to whether plaintiff's causes of action against an attorney defendant would ultimately succeed, nonetheless granted a motion to remand because "tenuous though it may be . . . the claim against [the resident attorney] has the 'modicum of sturdiness' sufficient to withstand a claim of fraudulent joinder." *TransTexas Gas Corp. v. Stanley,* 881 F. Supp. 268, 271-72 (S.D. Tex. 1994).  The plaintiffs in *Stanley* alleged a civil conspiracy against the defendants, one of whom was an attorney, for threatening to continue a campaign of fraud and other acts aimed at "destroying the plaintiff." *Id.* at 271.  The attorney in that case raised many of the same arguments made by Wells Fargo in the instant case.  The District Court reasoned that remand was proper because 'Texas law will hold an attorney liable for conspiring with his client unlawfully." *Id.* at 272.

"Although [the] cases [cited by Wells Fargo] reflect a very strong public policy in favor of providing lawyers with significant leeway in the actions they may take in representing their clients, such cases are not absolutely controlling." *Bagga v. Florida Receivables Trust 2002-A*, Civ. No. B-04-167, 2005 WL 8168423, at *13 (S.D. Tex. Sept. 2, 2005).  Here, the specific allegations lodged by plaintiff against the resident attorney defendant involve a conspiracy to evict her from her home and steal her property using written documents containing false information that was provided in court proceedings. "When reviewing the question of improper joinder, a federal court must view the allegations in the

manner most favorable to plaintiff, even when it doubts the merits of his or her claim." *Id.* at *16. "It must also view any ambiguities in controlling law in the light most favorable to the plaintiff despite the fact that the defendants might ultimately prevail as a matter of law in a later motion for summary judgment." *Id.* This Court concludes, based on the record before it, that it cannot predict that there is no reasonable basis for recovery against the resident defendant. Accordingly, Wells Fargo has not met its heavy burden of proving that defendant Cronenwett was improperly joined. Because defendant Cronenwett and plaintiff are Texas residents, the Court lacks diversity jurisdiction over this case and it must be remanded to the state court from which it was removed.

      IT IS THEREFORE ORDERED that the above-styled and numbered cause is REMANDED to the 150th Judicial District Court, Bexar County, Texas, for lack of subject matter jurisdiction.

      IT IS FURTHER ORDERED that the Clerk of Court is directed to send a certified copy of this Order of Remand to the clerk of the state court.

      IT IS FINALLY ORDERED that this case is CLOSED.

      It is so ORDERED.

      SIGNED this 8th day of October, 2021.

                                       FRED BIERY
                                       UNITED STATES DISTRICT JUDGE