IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NANCY ALANIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. SA-21-CA-952-FB |
| | ) | |
| WELLS FARGO BANK NATIONAL ASSOCIATION, as Trustee for the Pooling and Servicing Agreement dated as of October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass Through Certificates, Series 2006 NC3; and MARK DOUGLAS CRONENWETT, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Defendant Wells Fargo Bank, N.A. as Trustee's Motion for Reconsideration of Remand Order. (Docket no. 9). The Court lacks jurisdiction over Defendant's motion for reconsideration because it determined in its remand order that it lacks subject matter jurisdiction over this action. (Docket no. 5). Remand orders based on a lack of subject matter jurisdiction are not reviewable. *Wilson v. Dallas Cnty. Hosp. Dist.*, 715 F. App'x 319, 324 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1597 (2018); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984). Accordingly, the Court is of the opinion that the motion should be denied.

Section 1447(d) of Title 28 provides "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except under limited circumstances not present here. "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Seedman v. United States Dist. Court for Cent. Dist. of*

*Calif.*, 837 F.2d 413, 414 (9th Cir. 1998).  Therefore, where the district court remands a case either for lack of subject matter jurisdiction or for a defect in the removal process, the court is divested of jurisdiction as soon as the remand order is certified and mailed by the clerk–even if the remand was erroneous.  *See Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 524 (5th Cir. 2015) (citing *Quackenbush v. Allstate*, 517 U.S. 706, 711-12 (1996); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001).[1]  Here, this District Court remanded this case on October 8, 2021, for lack of subject matter jurisdiction, and the Order was certified and mailed by the Clerk of Court on October 8, 2021.  Accordingly, the Court lacks jurisdiction to reconsider the Order of remand issued in this case.  *See Firefighters' Ret. Sys.*, 796 F.3d at 524; *Arnold*, 278 F.3d at 437.

IT IS THEREFORE ORDERED that Defendant Wells Fargo Bank, N.A. as Trustee's Motion for Reconsideration of Remand Order (docket no. 9) is DENIED.

It is so ORDERED.

SIGNED this 29th day of October, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[1] *Cf. Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 572 (5th Cir.2006) ("[F]or a remand order to be reviewable on appeal, the district court must 'clearly and affirmatively' state a non-§ 1447(c) ground for remand.").